**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARY HELEN SHORT, as next friend
and legal guardian of Marsha Webb, an
incapacitated adult,

      Plaintiff,

v.                                  No.  2:13-cv-00213-JAP-CG

DE BACA COUNTY BOARD OF
COMMISSIONERS, DE BACA COUNTY
DETENTION CENTER and DE BACA COUNTY
SHERIFF'S DEPARTMENT,

and

RONNIE HARRIS, in his official and individual
capacity,

      Defendants.

**ORDER GRANTING IN PART, AND DENYING IN PART,
DEFENDANTS' MOTION FOR SANCTIONS**

      **THIS MATTER** is before the Court on *Defendants' Motion to Dismiss as a*

*Discovery Sanction under Federal Rule 37* ("Motion for Sanctions"), filed on July 9,

2014, (Doc. 58); Plaintiff's *Response to Defendant's Motion to Dismiss* ("Response"),

filed on July 28, 2014, (Doc. 61); and *Defendants' Reply in Support of Their Motion for*

*the Sanction of Dismissal under Federal Rule 37* ("Reply"), filed on August 18, 2014,

(Doc. 67).

      Defendants request that the Court dismiss all claims against them with prejudice

pursuant to FED. R. CIV. P. 37(b) and FED. R. CIV. P. 41, because Plaintiff has not

complied with this Court's discovery orders. (Doc. 58 at 4). On August 25, 2014, the

Court heard oral argument on the Motion. (Doc. 72). Upon review of the parties' briefs

and being otherwise advised in the premises, the Court finds that the Motion is well taken in part, and shall be granted as to an award of reasonable costs only.

## I.    Analysis

Defendants allege that Plaintiff has failed to comply with various discovery orders. Specifically, Defendants complain that Plaintiff: (1) failed to provide responses to any of Defendant De Baca County Board of Commissioners' ("Defendant Commissioners") requests for production; (2) has not submitted her expert disclosures pursuant to Rule 26 as to three of her expert witnesses; and (3) has engaged in a number of misrepresentations to the Court throughout the pendency of this case. Plaintiff responds that she has provided all responsive documents to Defendants, properly disclosed her expert witnesses and made them available for deposition, and has made a good-faith effort to comply with the Court's discovery orders and the Rules.[1]

### A.    _Defendant Commissioners' Requests for Production_

On April 4, 2014, Defendant Commissioners filed its _Motion to Compel Discovery Responses and for Sanctions under Federal Rule 37_ ("Motion to Compel"). (Doc. 32). Plaintiff's failure to respond to any of the Defendant Commissioners' requests for production, (Doc. 27), was one of the subjects of the Motion to Compel. Defendant Commissioners claimed that in response to its requests for production pursuant to FED. R. CIV. P. 34, Plaintiff submitted a packet of exhibits but did not serve any written responses to any of the requests. (Doc. 32 at 2–3).

---

[1] Plaintiff also alleges that Defendants have frustrated the discovery process, and asks the Court to compel certain discovery responses and disclosures from Defendants. (Doc. 61 at 19). She also requests that the Court re-open the discovery period to permit such discovery. _Id._ However, the Response is not titled as a motion to compel, and was filed outside of the discovery motions deadline, which was July 11, 2014. (Doc. 46). The Court will deny Plaintiff's request to late-file a motion to compel, insofar as the Response could be construed as a request to compel discovery under FED. R. CIV. P. 37(a). Because Plaintiff's discovery-related requests are not properly before the Court, they will not be further addressed.

The Court determined that Plaintiff had not properly responded to any of Defendant Commissioners' requests for production, and ordered Plaintiff to answer the requests without objection no later than May 27, 2014. (Doc. 40). While the Court partially granted the Motion to Compel, it denied Defendant Commissioner's request for an award of attorney's fees. *Id.* at 2.

Rule 34 requires that the responding party answer a request for production in writing within 30 days after being served. FED. R. CIV. P. 34(b)(2)(A). For each item or category, the responding party should state whether inspection and related activities will be permitted as requested or state an objection to the request, including the reasons for the objection. FED. R. CIV. P. 34(b)(2)(B). Produced documents must be organized and labeled to correspond to the categories of the request, or as they are kept in the ordinary course of business. FED. R. CIV. P. 34(b)(2)(E). The purpose of the Rule is to require "the producing party to turn documents over in an organized, comprehensible arrangement . . . by specifically indexing each document to the request it was responsive." *Anderson Living Trust v. WPX Energy Prod., LLC*, 298 F.R.D. 514, 522 (D.N.M. 2014).

Plaintiff alleges that she provided all of the responsive documents to Defendant Commissioners. (Doc. 72). At the hearing on the Motion for Sanctions, she acknowledged that she has not responded to each request in writing, or identified the specific documents responsive to each request. *Id.* However, she explained that she believed providing the documents alone would be sufficient. *Id.* The Court reviewed the additional and supplemental discovery responses that Plaintiff made pursuant to the

order compelling discovery, and agrees with Defendants that the production of documents alone does not comply with Rule 34.

The Court finds that Plaintiff has not followed the Court's previous order compelling responses to Defendant Commissioners' requests for production. Plaintiff should submit her responses, without objection, on or by September 5, 2014. Plaintiff should review the requirements of Rule 34 and ensure that her responses comply. At a minimum, her answers must be in writing, they must identify the specific documents that are responsive to each request, and she must provide the responsive documents in an organized, comprehensible arrangement.

> B.    Plaintiff's Expert Witnesses

Defendants allege that Plaintiff failed to provide the expert witness reports of Dr. Maxann Shwartz, Ph.D., Dr. Christopher Alexander, Ph.D., and Dr. John Gatling, Ph.D. Plaintiff responds that she complied.

Plaintiff made her expert witness disclosures on May 1, 2014. (Doc. 58, Ex. L). It is undisputed that at that time she designated her expert witnesses as Dr. Shwartz, Dr. Alexander, and Dr. Gatling. *Id.* In her initial disclosures, Plaintiff provided Defendants with separate competency evaluations of Marsha Webb, made by Dr. Shwartz and Dr. Alexander in an underlying criminal proceeding. (Doc. 58 at 9).  They clearly were not made in anticipation of litigation in this case.

> 1.    Rule 26(a)(2): Expert Witness Disclosures

Rule 26(a)(2) describes the proper disclosure of expert testimony when a party wishes to offer expert testimony under Federal Rule of Evidence 702, 703, or 705. Under Rule 26(a)(2), disclosure of a party's expert witness must be accompanied by a

written report that is prepared and signed by the expert witness, if that witness is retained or specially employed to provide expert testimony in the case, or if the expert witness is regularly employed by the party to give expert testimony. Fᴇᴅ. R. Cɪᴠ. P. 26(a)(2)(B).

Not all expert witnesses are required to provide such a report, however. Expert witnesses who have not been retained or specially employed to provide expert testimony, for example, need not provide an expert witness report. If the expert witness is not retained, then the party disclosing the expert witness need only provide the subject matter on which the witness is expected to present evidence, and "a summary of the facts and opinions to which he is expected to testify." Fᴇᴅ. R. Cɪᴠ. P. 26(a)(2)(C). A party need not wait to receive the summary disclosure of such a witness' testimony to depose him.

### 2.    *Dr. Shwartz and Dr. Alexander*

Plaintiff disclosed Dr. Shwartz and Dr. Alexander as expert witnesses in her expert disclosures. (Doc. 58, Ex. L). She stated that Dr. Shwartz conducted an evaluation of Ms. Webb in a separate criminal case, that the evaluation occurred while Ms. Webb was in jail, and that Dr. Shwartz noted in her evaluation that there were indications of sexual trauma. *Id.* Plaintiff also disclosed Dr. Alexander as an expert witness who had evaluated Ms. Webb while she was incarcerated. *Id.* Plaintiff explained that he had interviewed Ms. Webb and also noted indications of sexual trauma. *Id.* In making the disclosures, Plaintiff provided the competency evaluations made by Dr. Shwartz and Dr. Alexander.

Defendants maintain that they repeatedly inquired about the availability of Dr. Shwartz and Dr. Alexander for deposition. (Doc. 58 at 12). After receiving no response, they subpoenaed those witnesses. In response, Dr. Shwartz submitted an affidavit to Defendants that she was not retained in this case, had no relevant opinions to offer, and had not had any contact with Plaintiff or her counsel regarding this case. (Doc. 58, Ex. G). Dr. Alexander responded to Defendants' subpoena in kind. (Doc. 58, Ex. H).

Plaintiff alleges that Dr. Shwartz and Dr. Alexander will only be called to testify regarding Ms. Webb's competency during the criminal matter, and have not been retained as expert witnesses in this case. (Doc. 61 at 7, 8). However, she acknowledges that they may be called to testify regarding Ms. Webb's mental capacity at the time that the incidents underlying this lawsuit occurred. *Id.*

The Court finds that Dr. Shwartz and Dr. Alexander were not required to provide Rule 26(a)(2)(B) reports because they were not retained as expert witnesses in this matter. The information provided to Defendants in the initial disclosures comports with the summary disclosure requirements of FED. R. CIV. P. 26(a)(2)(C). The record indicates that Plaintiff provided Defendants with information about the subject matter that Dr. Shwartz and Dr. Alexander will be testifying on, and an adequate summary of the facts and opinions of their testimony, through the production of the competency evaluations. Therefore, the Court finds that Plaintiff complied with the requirements of Rule 26 concerning these expert witnesses.

### 3.    *Dr. Gatling*

Defendants complain that Dr. Gatling has been identified as an expert witness from the beginning of this litigation, but that Plaintiff has never provided Dr. Gatling's

expert report pursuant to Rule 26(a)(2)(B). Plaintiff responds that Dr. Gatling is only expected to testify about his treatment of Ms. Webb, and therefore is not required to submit an expert report. *Id.* at 9–10.

Dr. Gatling served as Ms. Webb's treating psychologist after she was released from jail. (Doc. 58, Ex. L at 2). Plaintiff disclosed Dr. Gatling in her expert witness disclosures, and explained that Dr. Gatling "conducted his report as part of the Children, Youth, and Families Department investigation." (Doc. 58, Ex. L at 2).  She further points out that Defendants have deposed Dr. Gatling and that he has made his entire file concerning Ms. Webb available to them. (Doc. 61 at 9–10).

Defendants deposed Dr. Gatling on June 23, 2014 and subpoenaed his treating records concerning Ms. Webb. Dr. Gatling informed Defendants during his deposition that no expert report had ever been requested by Plaintiff for this case, and that no expert report was forthcoming. (Doc. 58, Ex. K at 56:14–57:1). He also informed Defendants that he had ceased treating Ms. Webb in October, 2013, and that he had not been retained as an expert witness in this case. *Id.* at 5:7–15, 15:1–14.

Generally, a treating physician is excused from preparing a Rule 26(a)(2)(B) report because a treating physician is not typically retained for the purpose of providing expert testimony. *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011) (citing Fed. R. Civ. P. advisory committee's notes (1993)). When a treating physician's opinions are formed during his treatment of the party, he may testify to the opinions he develops as a percipient witness, without the necessity of rendering an expert report.[2] *See id.* Because Plaintiff alleges that Dr. Gatling will only testify as to

---

[2] The Court recognizes that circumstances may exist where it is not clear whether a treating physician who is serving as an expert witness owes a report or a summary disclosure under Rule 26. *See generally,*

his treatment of Ms. Webb, the Court must conclude that only summary disclosure of his testimony was required.

Even so, Plaintiff failed in her obligation to make the necessary summary disclosure as to Dr. Gatling, because Plaintiff did not adequately summarize the facts and opinions on which Dr. Gatling would testify. However, Defendants have now deposed Dr. Gatling and been provided with access to his medical file on Ms. Webb. This is more than what is required under Rule 26. Therefore, the Court finds that as a practical matter, the purpose of Rule 26 has been satisfied because Defendants have had the opportunity to learn the substance of Dr. Gatling's expert testimony.

C.   _Alleged Misrepresentations to the Court_

Defendants allege that Plaintiff purposely frustrated discovery and misled the Court. (Doc. 58 at 13–16). They argue that Plaintiff's counsel was not truthful regarding the extent of the involvement of the three expert witnesses in this case.[3] They contend that they were misled by Plaintiff's promises that a report from Dr. Gatling was forthcoming, which they believed to be a report that would comply with Rule 26(a)(2)(B).[4] After considering the parties' briefs and oral argument, the Court is inclined to find that any misrepresentations on the part of Plaintiff's counsel were the result of inexperience, and not malice or intent to purposely frustrate the discovery process.

---

The Hon. William P. Lynch, _Doctoring the Testimony: Treating Physicians, Rule 26, and the Challenges of Causation Testimony_, 33:2 REV. LITIG. 250 (2014).

[3] For example, Plaintiff initially stated that Dr. Gatling would testify as to Ms. Webb's mental retardation, the effects of sexual trauma on Ms. Webb, and the ongoing effects of being sexually abused by Defendant Harris while incarcerated in the De Baca County jail, and not just about his treatment of Ms. Webb. (Doc. 16 at 5).

[4] Defendants attached correspondence from Plaintiff's counsel dated February 5, 2014, wherein she stated that a report was forthcoming from Dr. Gatling. (Doc. 58 at Ex. D).

Defendants further complain that Ms. Webb's motion for a protective order, filed on the eve of her deposition, was an attempt to frustrate their collection of discovery in this case. (Doc. 58 at 15). The Court has re-opened discovery for the limited purpose of allowing Defendants to depose Ms. Webb, and therefore any such complaint is moot.

D.    *Ehrenhaus Factors*

The Federal Rules of Civil Procedure provide the Court with "ample tools to deal with recalcitrant litigants." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Determination of the appropriate sanction for a discovery violation is a fact-specific inquiry, and one that a district court is best qualified to make. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). A court may dismiss an action "[i]f a party . . . fails to obey an order to provide or permit discovery . . . ." FED. R. CIV. P. 37(b)(2)(A)(v). Dismissal is a drastic sanction "appropriate only in cases of willful misconduct." *Ehrenhaus*, 965 F.2d at 920.

Before dismissing a case under Rule 37, a court should consider the following factors: (i) the degree of actual prejudice to the defendant; (ii) the amount of interference with the judicial process; (iii) the culpability of the litigant; (iv) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (v) the efficacy of lesser sanctions. *See id.* at 921(citations, internal quotation marks, and ellipsis omitted). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

The first *Ehrenhaus* factor does not favor dismissal. While the Court recognizes that Plaintiff has violated the Court's discovery orders by failing to respond to Defendant Commissioners' requests for production, and misled Defendants regarding her expert witnesses, the Court cannot find that Defendants have been prejudiced to such a degree that dismissal is appropriate. Plaintiff has provided reports from Dr. Alexander and Dr. Shwartz. Defendants have subpoenaed other records and have had an opportunity to depose Dr. Gatling. The Court has also re-opened discovery so that Defendants may depose Ms. Webb, and has also ordered Plaintiff to properly respond to Defendant Commissioners' requests for production.[5]

The Court finds that any interference with the judicial process occurred because of Plaintiff's counsel's relative inexperience not due to any intent to flout the Court's authority.  Therefore, the second *Ehrenhaus* factor does not favor dismissal.  As to the third *Ehrenhaus* factor, the culpability of the litigant, the Court does not find that Plaintiff's actions support dismissal of her claims.  In *Ehrenhaus*, the plaintiff intentionally disobeyed the court's orders.  *See Ehrenhaus*, 965 F.2d at 921 ("It is plaintiff's acts, not those of his counsel, which are at issue here.").  In this case, there is no allegation that Plaintiff herself disobeyed the Court's orders or was responsible for the failure to fully comply with the requirements of the Federal Rules of Civil Procedure.

The fourth Ehrehaus factor is whether the party has been warned in advance that dismissal of the action would be a likely sanction for noncompliance.  *Id.* The Court denied Defendant Commissioner's previous request for sanctions under Rule 37, and

---

[5] The Court recognizes that Plaintiff did not respond in writing to each request for production. However, the Court does not find at this time that Defendant Commissioners are likely to be prejudiced by the delay, since Plaintiff has stated that she has already produced all of the responsive documents that are in her custody and control.

encouraged the parties to engage in discussion to resolve disputes in the future. (Doc. 39 at 2). This does not amount to a warning that dismissal would be a likely sanction for noncompliance and therefore, the fourth factor does not favor dismissal.

Finally, the Court finds that lesser sanctions would be effective in this case. As outlined below, the Court shall award Defendants the reasonable costs that were incurred as a result of Plaintiff's actions.

For all of the foregoing, the Court finds that dismissal of this case is not warranted at this time.

### E.    Reasonable Costs

The Court may order a disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by that party's failure to obey a discovery order. FED. R. CIV. P. 37(b)(2)(C). Payment of expenses is excused if the party's failure was "substantially justified" or other circumstances would make an award of expenses unjust. *Id.*

As explained above, Plaintiff failed to comply with the Court's previous order compelling responses to Defendant Commissioners' requests for production. The Court questioned Plaintiff during oral argument on this Motion for Sanctions, and Plaintiff did not provide any explanation or reason why the failure was substantially justified, or an award of expenses would be unjust. The Court finds that under these circumstances, it shall award Defendants for the reasonable costs that were incurred as a result of Plaintiff's failure to comply with the Court's previous discovery orders.

**II.      Conclusion**

Accordingly, pursuant to Federal Rules of Civil Procedure 37(b), **IT IS**

**THEREFORE ORDERED** that:

1.      *Defendants' Motion to Dismiss as a Discovery Sanction under Federal*

*Rule 37*, (Doc. 58), shall be **DENIED** to the extent that it seeks dismissal of this action,

but **GRANTED** to the extent that the Court awards Defendants for their reasonable

costs.

2.      Counsel for Defendants shall file with the Court an affidavit setting forth

details as to the reasonable attorney's fees and other costs they expended in making

the Motion for Sanctions, pursuant to Fed. R. Civ. P. 37(b)(2)(C) on or before

**September 12, 2014**.

3.      Plaintiff shall have ten days to file any objections to the amount requested

by Defendants.

4.      After receiving the affidavit from Defendants' counsel and Plaintiff's

objections, if any, the Court will enter an order specifying the amount of attorney's fees

and costs Plaintiff, Plaintiff's counsel, or both must pay.

**IT IS FURTHER ORDERED** that Plaintiff properly respond to Defendant

Commissioners' Request for Production, without objection, by **September 5, 2014**.

Plaintiff's is warned that failure to fully comply with the terms of this Order may

result in dismissal of this action. *Ehrenhaus*, 965 F.3d at 916.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE